UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **ROBERT J. MICHEAU,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 1:05cv0328 AS |
| | ) | |
| **TODD PENROD,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about September 12, 2005, *pro se* petitioner, Robert J. Micheau, an inmate at the Jay County Security Center in Portland, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 13, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). It is asserted that this petition should be dismissed because this petitioner, while in the custody of the Sheriff of Jay County, Indiana, challenges the validity of the conviction upon which he is now held by that Sheriff. In his affidavit of the executed on December 9, 2005, the sheriff of Jay County asserts that this petitioner is not being held in the State of Indiana on any charges emanating against him in the State of Texas. As of this date, this petitioner has made no filing in this case since December 13, 2005.

According to the papers in this case, Robert Micheau has a state court case in the Jay

Circuit Court charging him with dealing in methamphetamine, possession of methamphetamine, possession of marijuana and possession of chemical reagents. That trial is set in the near future on February 14, 2006 and any action involving that case brought under 28 U.S.C. §2254 will be premature. Here, this petitioner is attempting to challenge a 1990 conviction in Williamson County, Texas for aggravated possession of marijuana. It seems to this court that it is without jurisdiction and certainly within the federal judiciary this may not be the appropriate venue. *See Crank v. Duckworth*, 905 F.2d 1090 (7th Cir. 1990), *cert. denied*, 498 U.S. 1040 (1991).

The petitioner raises the possibility that he might raise a parole violation question with regard to his 1990 Texas conviction which is now more than 15 years ago. It takes more than that to establish either venue or jurisdiction here. *See Vargas v. Swan*, 854 F.2d 1028 (7th Cir. 1988). Texas has not placed a hold or detainer on this petitioner. This petitioner is only being held on <u>pending</u> charges to be tried very soon in Jay County, Indiana. The petitioner fails to meet the "in custody" provisions of 28 U.S.C. §2254, and the petition is now **DENIED**. **IT IS SO ORDERED**.

**DATED:** January 20, 2006

                                              S/ ALLEN SHARP
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**